**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN TURNER, | ) |
| Plaintiff, | ) Case No. 2:13-cv-02117-JAD-PAL |
| vs. | ) |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) **ORDER** |
| Defendants. | ) |

This closed action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. By order filed January 10, 2014, the Court dismissed this action with prejudice because the amended complaint contained frivolous claims that could not be cured through amendment. (Doc. 4). Judgment was entered that same date. (Doc. 7). On January 22, 2014, plaintiff filed a motion for reconsideration. (Doc. 12).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236

(1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered judgment dismissing this action in the order filed January 10, 2014.  (Doc. 4).  Plaintiff's complaint attempted to allege a claim that he was denied access to the courts concerning small claims actions brought in state court.  A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement.

*Id.* at 354-55.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  *Id.* at 353.  In the screening order of January 10, 2014, this Court found that plaintiff failed to allege that defendants hindered his efforts to pursue a nonfrivolous legal claim regarding a direct criminal appeal, habeas corpus proceedings, or civil rights actions challenging conditions of confinement.  Instead, plaintiff alleged that defendants violated rules pertaining to his small claims action filed in state court.  The Court ruled that plaintiff failed to state a claim for denial of access to the courts and failed to allege that any defendant, named or unnamed, violated his federal constitutional rights.  The Court found that plaintiff's claims regarding his small claims action filed in state court lack an arguable basis in law for violation of his federal constitutional rights and dismissed the complaint as frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The Court made specific findings that, because the deficiencies of the complaint could not be cured through amendment, the complaint was dismissed with prejudice.

In his motion for reconsideration, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the Court's screening order dismissing this action with prejudice.  Plaintiff has not shown that manifest injustice resulted from dismissal of the action.  Plaintiff also has not presented newly discovered or previously unavailable evidence.  Plaintiff has therefore failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF No. 12) is **DENIED.**

Dated this 3rd day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

3